(41 Misc. Rep. 360.)

PEOPLE ex rel. MOSCOWITZ v. VOORHIS et al.

(Supreme Court, Special Term, New York County. September, 1903.)

1. ELECTIONS—ENROLLMENT IN NEW YORK CITY.

     Under Laws 1899, p. 968, c. 473, § 1, known as the "Primary Election Law," the enrollment books, as made up in the city of New York from the enrollments made on the four regular registration days for the general election, must stand for one year, and cannot be amended or changed by judicial action, though an enrolled voter may have died in the meantime, or have moved out of the election district.

Application by the people, on the relation of William Moscowitz, for writ of mandamus to John R. Voorhis·and others, comprising the board of elections of the city of New York, and others. Denied.

Moses H. Grossman, for relator.

George L. Rives, Corp. Counsel (John W. Hutchinson, Jr., of counsel), for board of elections.

Alfred R. Page, for Jacob Wolfson.

CLARKE, J. This is one of several hundred applications made to the court for the issuance of a writ of mandamus directed to the board of elections to strike from the enrollment books, made up and preserved according to the provisions of the primary election law, the names of citizens enrolled as Republicans, upon the ground that they are not now qualified electors in the districts where enrolled. Section 1 of the act (chapter 473, p. 968, of the Laws of 1899), as amended provides:

"Section 1. Short Title and Application of Act. The short title of this act shall be 'The Primary Election Law.' Except as otherwise herein provided, it shall be controlling (1) on the methods of enrolling the voters of a party in cities and villages, etc. (2) On primary elections in such cities and villages."

It provides minutely for party enrollments to be made at the time of the registration for the general election by the elector.indicating his party preference by appropriately marking an enrollment blank, and depositing said blank in a sealed envelope with the board of registration. Such blanks, so sealed, are to be delivered to the custodian of primary records—in this city, the board of elections—and are not to be opened until the Tuesday following the general election. They are then to be opened by the custodian, and party enrollment books are to be made up, which, for the year ensuing, serve as the enrollment for the party primaries, and only electors duly enrolled can vote at such party primaries. As originally passed, the law provided for a supplemental enrollment; but by chapter 111, p. 268, of the Laws of

1903, this provision was abrogated in cities containing a population of 1,000,000 or over, "and in such cities no elector shall be permitted.to enroll as a member of a party except at one of the four regular meetings for registration." Also in cities less than those containing 1,000,000 inhabitants he has a right, if he moves from one district to another within a specified period, to have his enrollment altered to the new district. This has also been repealed as to New York. There is therefore now no way under the statute, in this city, of changing the enrollment during the year to conform to the habits of our to some extent shifting population, nor to correct the roll by striking therefrom the names of dead men. The roll is permanent for a year, and intended to be so, as the Legislature, in its wisdom, repealed the provisions above alluded to so far as they affected this city. Section 11 of the act, "Jurisdiction of and review by the courts" (Laws 1899, p. 995, c. 473), provides:

"Any action or neglect of the officers or members of a political convention or committee or of any inspector of primary election, or of any public officer, or board, with regard to the right of any person to participate in a primary election * * * or to enroll with any party, or with regard to any right given to, or duty prescribed for, any elector, political committee, political convention, officer or board, by this act, shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require. In addition thereto, the Supreme Court or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect."

There is no warrant in said section for the relief here demanded. The board of elections have neither acted nor neglected to act in the premises, so that there is nothing to review. Having no duty to perform, what are they to be ordered to do? Their duty is to safely keep the enrollment as made up, and deliver to the primary inspectors appropriate and correct copies at the proper time. They have no power of revision, change, or correction. The enrollment is fixed by the status of the elector when he enrolled. That he has moved or died in the interim may make the roll now incorrect, but there is no charge that it was not correct when made. The power of the court is given by statute and confined by statute. It can review action and mandamus to cure neglect. But the board only acted when it made up the enrollment, and as to that, when once made, the board became functus officio. Section 31 of the general election law (Laws 1896, p. 909, c. 909) is invoked. But that applies only to general or special elections, not to primary contests. It applies to registration. As to primaries the term is "enrollment." I conclude that the primary election law is complete and exclusive, and section 31 of the earlier statute may not be read into it. Furthermore, there is a complete remedy for the evil, if evil there be. Full right of challenge is given, and the elector can vote if, and only if, upon oath or affirmation, he answers the prescribed questions as to name, identity, and residence in the affirmative, and in accordance with his enrollment. And false swearing and illegal voting carry their appropriate remedies. The Legislature is the place to urge defects in the law. The court must interpret it as he finds it.

Motion denied.