# THE

# MISCELLANEOUS REPORTS

### OF THE

## STATE OF NEW YORK.

### COMMENCING FEBRUARY, 1908.

---

Matter of the Application for an Order to Strike from the Enrollment Book of the Fifth Election District of the Fifteenth Assembly District of the County of New York the Names of STEPHEN J. DUFFY and CUTHBERT B. BAILEY.

(Supreme Court, New York Special Term, February, 1908.)

Election of officers — Nominations and preparation of official ballot — Primary — Persons entitled to vote — Enrollment.

> The provisions of the Primary Election Law (L. 1898, ch. 179) and its amendments contemplate that an enrollment of electors shall go into effect on the first day of January following the days of registration and remain in force for a year thereafter. It is not, therefore, a valid objection to the enrollment of an elector that he enrolled with, or participated in a primary election or convention of, some other party during the calendar year previous to the enrollment then in progress; and the requirement of the statute that the elector shall declare he has not so enrolled or participated in a primary election or convention since the first day of last year should be construed to relate to the current political year and not to the preceding calendar year.

APPLICATION to direct the custodian of primary records to strike from the enrollment book the names of certain electors.

Charles W. Lefler, for appellant.

James J. McEvilly, for respondent.

1

PLATZEK, J. This is an application to direct the custodians of primary records to strike from the enrollment book
prepared and kept by them the names of Cuthbert B. Bailey
and Stephen J. Duffy, both of the fifth election district of
the fifteenth Assembly district, in the county of New York.
It is conceded that both Bailey and Duffy enrolled with the
Democratic party in 1906, and that they enrolled with the
Republican party in 1907. The applicant, a qualified elector, contends that the citizens whom he seeks to prevent from
participating in the primaries in 1908 are disqualified to
vote at such election for the reason that when they enrolled
in 1907 with the Republican party they severally improperly
declared under the statute, *" I have not enrolled with or participated in any primary election or convention of any other
party since the first day of last year;"* that the words
*" since the first day of last year "* must be construed to relate
to January 1, 1906, and ending January 1, 1907. The Primary Election Law is chapter 179 of the Laws of 1898,
as amended by chapter 473 of the Laws of 1889. Subdivision 1 of section 3 provides the method by which an elector may enroll. The form of the enrollment blank is prescribed in the same section of the statute. It is headed
"Primary Enrollment for Year —— (the blank being intended for the insertion of the year). The primary year is
also defined in the same section, subdivision 8: "Such enrollment books shall go into effect on the first day of *January
following the days of registration* on which they are begun,
and shall, with any additions or changes made as herein provided, *remain in force until the first day of the following
January,* when they shall be superseded by the new enrollment books, as herein provided." It is therefore quite apparent that the Legislature did not intend to provide for a
calendar but a political year from the January following the
registration and enrollment until the next succeeding January. Thus, when, as in subdivision 1, it refers to "the first
official primary election of the year," the year there referred
to is the one beginning on January first succeeding the enrollment. Chapter 111 of the Laws of 1903 provides that
no elector who has once enrolled in a political party shall be

permitted to enroll in another political party before the first of the next four days of registration. People ex rel. Moscowitz v. Voorhis, 41 Misc. Rep. 360.

Motion denied. No costs.

Settle order on notice.