(58 Misc. Rep. 1.)

### In re DUFFY et al.

(Supreme Court, Special Term, New York County. February, 1908.)

ELECTORS—ENROLLMENT OF ELECTORS.

> Primary Election Law, Laws 1898, p. 331, c. 179, and its amendments, provide that an enrollment of electors shall go into effect on the 1st day of January following the days of registration and remain in force for the ensuing year. An elector was enrolled with and participated in a primary election of some other party during the calendar year previous to the enrollment then in progress. *Held*, not a valid objection to his enrollment, the requirement of the statute that the elector shall declare that he is not so enrolled or has not participated in primary election or convention since the first day of the last year should be construed to relate to the current political year, and not to the preceding calendar year.

Application for an order to strike from the enrollment books of an election district the names of Stephen Duffy and Cuthbert B. Bailey. Motion denied.

Affirmed in 109 N. Y. Supp. 979.

Charles W. Lefler, for appellant.

James J. McEvilly, for respondent.

PLATZEK, J. This is an application to direct the custodians of primary records to strike from the enrollment book prepared and kept by them the names of Cuthbert B. Bailey and Stephen J. Duffy, both of the Fifth election district of the Fifteenth Assembly district, in the county of New York. It is conceded that both Bailey and Duffy enrolled with the Democratic party in 1906, and that they enrolled with the Republican party in 1907. The applicant, a qualified elector, contends: That the citizens whom he seeks to prevent from participating in the primaries in 1908 are disqualified to vote at such election for the reason that, when they enrolled in 1907 with the Republican party, they severally improperly declared under the statute:

"I have not enrolled with or participated in any primary election or convention of any other party since the first day of last year."

That the words "since the first day of last year" must be construed to relate to January 1, 1906, and ending January 1, 1907. The primary election law is chapter 473, p. 968, Laws 1899. Subdivision 1 of sec-

tion 3 provides the method by which an elector may enroll. The form of the enrollment blank is prescribed in the same section of the statute. It is headed "Primary Enrollment for Year ————" (the blank being intended for the insertion of the year). The primary year is also defined in the same section, subdivision 8:

"Such enrollment books shall go into effect on the first day of January following the days of registration on which they are begun, and shall, with an addition or changes made as herein provided, remain in force until the first day of the following January, when they shall be superseded by the new enrollment books as herein provided."

It is therefore quite apparent that the Legislature did not intend to provide for a calendar, but a political year from the January following the registration and enrollment until the next succeeding January. Thus, when, as in subdivision 1, it refers to "the first official primary election of the year," the year there referred to is the one beginning on January 1st succeeding the enrollment. Chapter 111, p. 268, Laws 1903, provides that no elector who has once enrolled in a political party shall be permitted to enroll in another political party before the first of the next four days of registration. People v. Voorhis, 41 Misc. Rep. 360, 84 N. Y. Supp. 848.

Motion denied. No costs.

Settle order on notice.